81 F.3d 152
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steffan PIRNAT, Defendant-Appellant.
 No. 94-5675.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 21, 1996.
Decided: April 2, 1996.
 
 Pleasant S. Brodnax, III, Alexandria, Virginia; Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant. Helen F. Fahey, United States Attorney, Thomas M. Hollenhorst, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before NIEMEYER and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Steffan Pirnat pled guilty to conspiracy to distribute more than 10 grams of lysergic acid diethylamide (LSD), 21 U.S.C.A. § 846 (West Supp.1995), and was sentenced in 1992 to a term of 151 months imprisonment. His offense level was computed using the weight of the LSD plus the weight of the carrier medium (blotter paper) under the sentencing guidelines then in effect. United States Sentencing Commission, Guidelines Manual § 2D1.1 (Nov.1991).
 
 
 2
 When the Sentencing Commission revised USSG § 2D1.1 in 1993 and made the amendment retroactive,* Pirnat moved for modification of his sentence under 18 U.S.C.A. § 3582(c)(2) (West Supp.1995). Under the revised guideline, the weight of the LSD alone is used to determine the offense level. The new version of § 2D1.1 lowered Pirnat's sentencing guideline range to 70-87 months. However, the district court sentenced him to the statutory minimum of 120 months, finding that the statute controlled and that, under Chapman v. United States, 500 U.S. 453, 468 (1991), the statute required the use of the carrier medium in the weight of the LSD in determining whether the mandatory minimum applied. See 18 U.S.C.A. § 841(b)(1)(A)(v) (West Supp.1995).
 
 
 3
 Pirnat appeals this ruling. He contends that the amended guideline does not conflict with Chapman, relying on United States v. Muschik, 49 F.3d 512, 518 (9th Cir.1995). However, the Supreme Court has now rejected the approach taken in Muschik. In Neal v. United States, --- U.S. ----, 64 U.S.L.W. 4077 (U.S. Jan. 22, 1996) (No. 94-9088), the Court held that the sentencing court must take into account the entire weight of the carrier medium in determining the weight of the "mixture or substance" containing LSD under § 841(b)(1) even
 
 
 4
 though the sentencing guidelines prescribe a different method. The district court's decision was thus correct.
 
 
 5
 We therefore affirm the 120-month sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 USSG, App. C, Amend. 488, 502 (Nov.1995)